AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**

Apr 09, 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| JESSE EDDIE VINDIOLA | ) Case No.   1:26-mj-00039  SAB |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____06/23/2025_____ in the county of _____Fresno_____ in the _____Eastern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Possession of Ammunition by a Felon<br>Penalties: maximum 15 years imprisonment; $250,000 fine; 3 years of supervised release; $100 special assessment |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer David Fenstermaker, HSI
*Printed name and title*

Sworn to before me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1.

Date:   _____04/09/2026_____

_____
*Judge's signature*

City and state:   _____Fresno, California_____

Stanley A. Boone, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JESSE EDDIE VINDIOLA,<br><br>        Defendant. | CASE NO.<br><br>AFFIDAVIT OF HSI TASK FORCE OFFICER DAVID FENSTERMAKER |

I, David Fenstermaker, being duly sworn, hereby depose and state as follows:

## I.    INTRODUCTION

1.    This Affidavit is made in support of an arrest warrant for Jesse Eddie VINDIOLA for violation of Title 18, United States Code, Section 922(g)(1), felon in possession of ammunition.

2.    The facts in the affidavit come from personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents. Because this affidavit is written solely to establish probable cause for issuing a criminal complaint, not all investigation results have been included herein.

## II.    AFFIANT'S BACKGROUND

3.    I am a Task Force Officer (TFO) with the United States Department of Homeland Security ("DHS")/ Immigration and Customs Enforcement/ Homeland Security Investigations ("HSI"), presently assigned to the Office of the Resident Agent in Charge, Fresno, California ("HSI Fresno"). As a TFO, I am authorized by law or a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws. I have been deputized in accordance with the United States Code, Titles 18 and 21.

4.    I am employed by the City of Fresno Police Department and have been a full-time sworn Peace Officer in the State of California and previously the State of Pennsylvania for the past 25 years.

5.    My peace officer experience includes patrol duties, special assignments, and investigations.

AFFIDAVIT

1

I was previously assigned to the Street Violence Bureau - Felony Assault Unit, where my duties included assisting in homicide crime scenes and investigating carjacking, shootings, stabbings, home invasions, suspicious deaths, and felony assaults. I am now assigned to Homeland Security Investigations, where my responsibilities involve investigating the sale and transportation of firearms and narcotics, as well as human trafficking, sexual exploitation, terrorism, and gangs. Additional duties are being assigned to the Fentanyl Overdose Resolution Team (FORT), which comprises Special Agents and Task Force officers from HSI, the Drug Enforcement Administration (DEA), the Fresno Police Department (FPD), the Clovis Police Department (CPD), and the Fresno Sheriff's Office. FORT responds to and investigates suspected fentanyl overdoses, both fatal and non-fatal, and conducts investigations to determine the source of supply.

6.     I have received over 2,000 hours of training specifically related to criminal investigations involving sexual assault, domestic violence, officer-involved shootings, interviews and interrogations, search warrants, narcotics, gangs, homicides, and firearms. Through my training and experience, I am knowledgeable about identifying various firearms and their components. I am also familiar with the different methods individuals use to obtain, possess, manufacture, transport, and sell firearms. Additionally, I understand the modus operandi related to the illegal use of such proceeds in violation of federal law. These methods include using telephones, cell phones, and wireless communication technology; counter-surveillance techniques; complex smuggling schemes tied to legitimate businesses; false or fictitious identities; and coded or ambiguous text messages to evade law enforcement. I have also interviewed firearms distributors and discussed their lifestyles, appearances, habits, distribution methods, and current trends.

7.     I am familiar with the facts and circumstances of the investigation through discussions with other law enforcement, and from my review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this declaration I assert that a statement was made, the information was provided by another agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement, and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many made by others and are stated in substance and in part unless otherwise indicated. Since this declaration is submitted to secure a search warrant for the above items, I

AFFIDAVIT

2

have not included details of every aspect of the investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that the requested order should be issued. Nor do I ask that this Court rely on any facts not set forth herein in reviewing this application.

### III.  APPLICABLE LAW

8.  Title 18, United States Code, Section 922(g)(1), prohibits any person who has previously been convicted of an offense punishable by imprisonment for more than one year and knows of that conviction from possessing a firearm or ammunition that has traveled in interstate or foreign commerce. 18 U.S.C. § 922(g)(1).

### IV.  SUMMARY OF PROBABLE CAUSE

9.  On or about June 23, 2025, a Fresno police officer arrested VINDIOLA in Southwest Fresno on suspicion of possession of a firearm. During the arrest, officers found a loaded Phoenix Arms .22-caliber pistol with three live rounds in the magazine, located in VINDIOLA's left shorts pocket. VINDIOLA has at least four prior felony convictions, and an ATF special agent verbally indicated that the ammunition was not manufactured in California, thereby affecting interstate commerce.

### V.  PROBABLE CAUSE

10. On June 23, 2025, Fresno Police Department officers from the Southwest Policing District responded to 1105 E. Belmont Avenue regarding an armed subject who had just assaulted a female victim. Officers arrived and eventually located the victims. The victims stated they fled the scene to call 911 and provided a description to the officers. The suspect was described as a Hispanic male adult, bald, 5'11", heavyset, about 300 lbs., wearing a gray or white tank top, black shorts, carrying a blue backpack, and possessing a firearm.

11.  Officers learned that Victims McQuay (V1) and Gonzalez (V2) were in the area when a A suspect, later identified as Jesse VINDIOLA, approached them. V1 stated that VINDIOLA started yelling and swung his right fist at her, but missed. V2 pushed VINDIOLA, who then retrieved a black handgun, pointed it at V1 and V2, and threatened to shoot both if they did not leave. V1 said VINDIOLA struck her in the face and on her left shoulder with the gun handle, and hit V2 once in the face, causing V2 to have a busted lip.

AFFIDAVIT

3

12. While Officers C. Diaz and R. Villegas were arriving on scene and conducting interviews, Officer Diaz observed a Hispanic male matching the description of the armed suspect provided by the victim(s) walking across the street. The description given by the victim(s) was of a bald Hispanic adult male wearing a light gray tank top, black shorts, and a blue backpack. Officer Diaz also noticed a bulge in the subject's shorts pocket, which concerned him as the subject approached. Due to the matching description and concerns that the subject was armed, Officers Diaz and Villegas approached the Hispanic male, who verbally identified himself as Jesse VINDIOLA. Officer Diaz asked VINDIOLA if he had a gun on him, and he responded, "no man."

13. Officer Diaz conducted a pat-down of VINDIOLA for officer safety and, immediately after beginning the pat-down, felt a hard, L-shaped object that he immediately recognized as a firearm. VINDIOLA was immediately placed in handcuffs. Officer Diaz asked VINDIOLA to be honest and tell him what was in his pocket. VINDIOLA said, "I just got it from somebody, man, ok, you're right, man."

14. Officer Diaz then reached into VINDIOLA's left front shorts pocket and retrieved a Phoenix Arms .22-caliber pistol and a blue switchblade. The firearm was cleared and found to be loaded with one round in the chamber and three in the magazine. Additionally, VINDIOLA was found to be on probation for robbery, and the firearm was determined to be stolen from Fresno. Officers conducted an in-field show-up at the scene, and the victims positively identified VINDIOLA as the suspect. See Figure 1.

**Figure 1: .22 ammunition (Found on Jesse VINDIOLA)**



15. I reviewed VINDIOLA's record of arrest and prosecutions ("RAP Sheet"), which indicates

AFFIDAVIT

4

that he has been convicted of several felonies in the State of California, punishable by more than a year of imprisonment. The RAP Sheet included the following felony convictions:

        a. Fresno County Superior Court, Case No. #524387, Carjacking, in violation of California Penal Code, Section 215(A), used a firearm, and was sentenced to four years in prison on or about January 11, 1995.

        b. Fresno County Superior Court, Case No. F05904135, Possess/Mfg./Sell Dangerous Wpn./Etc., in violation of California Penal Code, Section 12020(a), and was sentenced to 2 years in prison on or about August 25, 2005; and an additional 8 months for Fresno County Superior Court, Case No. F05902750, Prohibited Own/Etc. Ammo/Etc., violating California Penal Code, Section 12316(b)(1).

        c. Fresno County Superior Court, Case No. F12902618, Prohibited Own/Etc. Ammo/Etc., violating California Penal Code, Section 30305(a)(1), was sentenced to 28 months in prison on or about March 20, 2014.

On February 12, 2024, a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent Matthew Garrett, who has specialized training in the manufacture, origin, and identification of firearms and ammunition, verbally indicated that the .22 caliber ammunition was not manufactured in the state of California and, therefore, traveled in and affected interstate commerce.

## VI.   CONCLUSION

16.   Based on the above facts and circumstances described in this Affidavit, there is probable cause to believe that Jesse Eddie VINDIOLA has prior felony convictions, possessed ammunition, knew or should have known about his prior felony convictions and the prohibition from possessing ammunition and that the ammunition was transferred in interstate commerce, all in violation of Title 18, United States Code, Section 922(g)(1), felon in possession of ammunition.

//

//

//

AFFIDAVIT

5

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

_____
David Fenstermaker
Task Force Officer
Homeland Security Investigations, HSI

This Affidavit was submitted to me by reliable electronic means and attested to me as true and accurate by telephone, consistent with the requirements of Fed. R. Crim. P. 4.1, and 41(d)(3) on **Apr 9, 2026** .

_____
HON. STANLEY A. BOONE
UNITED STATES MAGISTRATE JUDGE

Reviewed as to form.

_____
KYLE MCPHERSON
Special Assistant U.S. Attorney

AFFIDAVIT

6